IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES DANIEL BURRELL,

Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. **3:16CV122**

DAVID ZOOK,

Respondent.

## REPORT AND RECOMMENDATION

James Daniel Burrell, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Brunswick, Virginia ("Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED as barred by the statute of limitations.

### A.　　Procedural History and Burrell's Claims

On June 2, 2011, a jury convicted Burrell of two counts of first degree murder and two counts of use of a firearm in commission of a felony, and it fixed his sentence at two life sentences plus eight years of incarceration. (ECF No. 11-2, at 2-3.) On May 17, 2012, the Circuit Court entered final judgment and sentenced Burrell to two life sentences plus eight years. (ECF No. 11-1, at 1-2.) On August 12, 2013, the Supreme Court of Virginia refused Burrell's petition for appeal. (ECF No. 11-4, at 1.) The United States Supreme Court denied Burrell's petition for writ of certiorari on April 7, 2014. *Burrell v. Virginia*, 134 S. Ct. 1791 (2014).

On November 18, 2014, Burrell filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 11-5, at 1.) On March 26, 2015, the Circuit Court denied and dismissed Burrell's petition. (*See* ECF No. 11-6, at 8.) Specifically, the Circuit Court found that "Burrell's petition [was] untimely pursuant to Virginia Code § 8.01–654(A)(2)."[1] (*Id.* at 2.) On February 16, 2016, the Supreme Court of Virginia refused Burrell's petition for appeal. (ECF No. 11-7, at 1.)

Burrell asserts that he placed his § 2254 Petition in the prison mailing system for mailing to this Court on September 8, 2015. (§ 2254 Pet. 15.) The Court finds Burrell's assertion to be incredible, as the envelope in which Burrell mailed his § 2254 Petition is postmarked February 23, 2016 (ECF No. 1-1, at 1), and the Court did not receive his § 2254 Petition until February 25, 2016 (§ 2254 Pet. 1.) The Court believes that Burrell mailed his § 2254 Petition in February 2016. Nevertheless, as discussed *infra*, even using September 8, 2015 as the date when Burrell filed his § 2254 Petition, the § 2254 Petition is untimely. Thus, the Court utilizes September 8, 2015 as the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Burrell asserts the following claims for relief:

---

[1] Burrell contends that his state petition was filed on September 25, 2014, the day that he signed the state petition and had it notarized. (§ 2254 Pet. 4; Pet'r's Resp. 3, ECF No. 16.) Rule 3A:25 of the Rules of the Supreme Court of Virginia provides:

> In actions brought under Code § 8.01–654 [the statute governing state petitions for a writ of habeas corpus], filed by an inmate confined to an institution, a paper is timely filed if deposited in the institution's internal mail system, with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined to an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

Va. Sup. Ct. R. 3A:25. Burrell has not produced any of the above to demonstrate that he placed his state habeas petition in the prison's internal mail system on September 25, 2014.

2

| | |
|---|---|
| Claim One | "Violation of Burrell's Sixth and Fourteenth Amendment rights to a trial by an impartial jury." (§ 2254 Pet. Attach. 2.)[2] |
| Claim Two | "Violation of Burrell's Sixth and Fourteenth Amendment rights to the sitting of an impartial jury panel." (*Id.*) |
| Claim Three | "Violation of Burrell's Fourteenth Amendment due process rights as a result of insufficient evidence." (*Id.*) |
| Claim Four | "Ineffective assistance of trial counsel for withdrawing his motion for mistrial." (*Id.*) |

## B. Analysis

### 1. Statute of Limitations

Respondent contends that the federal statute of limitations bars Burrell's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The Court corrects the capitalization in quotations from Burrell's submissions.

3

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

Burrell's convictions became final on April 7, 2014, when the United States Supreme Court denied his petition for a writ of certiorari. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))). The limitation period began to run on April 8, 2014, and 224 days of the limitation period elapsed before Burrell filed his state petition for a writ of habeas corpus on November 18, 2014.

### 3. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases).

The Circuit Court dismissed Burrell's state habeas petition as untimely filed. (ECF No. 11-6, at 2.) A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the

4

matter' for purposes of § 2244(d)(2)."). Because Burrell's state habeas petition was not properly filed, Burrell lacks entitlement to statutory tolling for the period in which he pursued his untimely state habeas petition in the Circuit Court and the Supreme Court of Virginia. *See Butler v. Johnson*, No. Civ.A. 2:05CV51, 2006 WL 73610, at *4 (E.D. Va. Jan. 11, 2006) (finding that petitioner was not entitled to statutory tolling for the time that his untimely habeas petition and appeal from the circuit court's decision were pending).

Accordingly, the limitation period began to run on April 8, 2014, and Burrell had until April 8, 2015 to file his § 2254 Petition. Even using Burrell's asserted date of September 8, 2015 as the date when he filed his federal habeas petition (*see* § 2254 Pet. 15), Burrell failed to file his § 2254 Petition until approximately five months after the limitation period expired. Thus, the statute of limitations bars Burrell's § 2254 Petition.[3]

### C.   Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 9) and DISMISS Burrell's claims. It is further RECOMMENDED that Burrell's § 2254 Petition be DENIED and the action be DISMISSED.

Burrell is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the

---

[3] Neither Burrell nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)–(D), or for equitable tolling.

Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

    The Clerk is DIRECTED to send a copy of the Report and Recommendation to Burrell and counsel of record.

/s/

Roderick C. Young
United States Magistrate Judge

Date: October 17, 2016
Richmond, Virginia