IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES DANIEL BURRELL, )
)
    Petitioner, )
v. ) Civil Action No. 3:16CV122–HEH
)
DAVID ZOOK, )
)
    Respondent. )

## MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing Action)

James Daniel Burrell, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Brunswick, Virginia ("Circuit Court"). On October 17, 2016, the Magistrate Judge issued a Report and Recommendation wherein he recommended dismissing Burrell's § 2254 Petition as barred by the relevant statute of limitations. (ECF No. 20.) Burrell has filed objections. (ECF No. 23.) For the reasons that follow, Burrell's objections will be overruled, the Report and Recommendation will be accepted and adopted, and the action will be dismissed.

### I.     THE REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendation:

#### A.     Procedural History and Burrell's Claims

On June 2, 2011, a jury convicted Burrell of two counts of first degree murder and two counts of use of a firearm in commission of a felony, and it fixed his sentence at two life sentences plus eight years of incarceration. (ECF No. 11–2, at 2–3.) On May 17, 2012, the Circuit Court entered final judgment and sentenced Burrell to two life sentences

plus eight years. (ECF No. 11-1, at 1-2.) On August 12, 2013, the Supreme Court of Virginia refused Burrell's petition for appeal. (ECF No. 11-4, at 1.) The United States Supreme Court denied Burrell's petition for writ of certiorari on April 7, 2014. *Burrell v. Virginia*, 134 S. Ct. 1791 (2014).

On November 18, 2014, Burrell filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 11-5, at 1.) On March 26, 2015, the Circuit Court denied and dismissed Burrell's petition. (*See* ECF No. 11-6, at 8.) Specifically, the Circuit Court found that "Burrell's petition [was] untimely pursuant to Virginia Code § 8.01-654(A)(2)."[1] (*Id.* at 2.) On February 16, 2016, the Supreme Court of Virginia refused Burrell's petition for appeal. (ECF No. 11-7, at 1.)

Burrell asserts that he placed his § 2254 Petition in the prison mailing system for mailing to this Court on September 8, 2015. (§ 2254 Pet. 15.) The Court finds Burrell's assertion to be incredible, as the envelope in which Burrell mailed his § 2254 Petition is postmarked February 23, 2016 (ECF No. 1-1, at 1), and the Court did not receive his § 2254 Petition until February 25, 2016 (§ 2254 Pet. 1.) The Court believes that Burrell mailed his § 2254 Petition in February 2016. Nevertheless, as discussed *infra*, even using September 8, 2015 as the date when Burrell filed his § 2254 Petition, the § 2254 Petition is untimely. Thus, the Court utilizes September 8, 2015 as the filed date. *See Houston v. Lack*, 487 U.S.

---

[1] Burrell contends that his state petition was filed on September 25, 2014, the day that he signed the state petition and had it notarized. (§ 2254 Pet. 4; Pet'r's Resp. 3, ECF No. 16.) Rule 3A:25 of the Rules of the Supreme Court of Virginia provides:

> In actions brought under Code § 8.01-654 [the statute governing state petitions for a writ of habeas corpus], filed by an inmate confined to an institution, a paper is timely filed if deposited in the institution's internal mail system, with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined to an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

Va. Sup. Ct. R. 3A:25. Burrell has not produced any of the above to demonstrate that he placed his state habeas petition in the prison's internal mail system on September 25, 2014.

2

266, 276 (1988). In his § 2254 Petition, Burrell asserts the following claims for relief:

Claim One    "Violation of Burrell's Sixth and Fourteenth Amendment rights to a trial by an impartial jury." (§ 2254 Pet. Attach. 2.)[2]

Claim Two    "Violation of Burrell's Sixth and Fourteenth Amendment rights to the sitting of an impartial jury panel." (*Id.*)

Claim Three    "Violation of Burrell's Fourteenth Amendment due process rights as a result of insufficient evidence." (*Id.*)

Claim Four    "Ineffective assistance of trial counsel for withdrawing his motion for mistrial." (*Id.*)

**B.    Analysis**

    **1.    Statute of Limitations**

Respondent contends that the federal statute of limitations bars Burrell's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

    1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

---

[2] The Court corrects the capitalization in quotations from Burrell's submissions.

      retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

Burrell's convictions became final on April 7, 2014, when the United States Supreme Court denied his petition for a writ of certiorari. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))). The limitation period began to run on April 8, 2014, and 224 days of the limitation period elapsed before Burrell filed his state petition for a writ of habeas corpus on November 18, 2014.

### 3. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases).

The Circuit Court dismissed Burrell's state habeas petition as untimely filed. (ECF No. 11–6, at 2.) A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Because Burrell's state habeas petition was not properly filed, Burrell lacks entitlement to statutory tolling

4

for the period in which he pursued his untimely state habeas petition in the Circuit Court and the Supreme Court of Virginia. *See Butler v. Johnson*, No. Civ.A. 2:05CV51, 2006 WL 73610, at *4 (E.D. Va. Jan. 11, 2006) (finding that petitioner was not entitled to statutory tolling for the time that his untimely habeas petition and appeal from the circuit court's decision were pending).

Accordingly, the limitation period began to run on April 8, 2014, and Burrell had until April 8, 2015 to file his § 2254 Petition. Even using Burrell's asserted date of September 8, 2015 as the date when he filed his federal habeas petition (*see* § 2254 Pet. 15), Burrell failed to file his § 2254 Petition until approximately five months after the limitation period expired. Thus, the statute of limitations bars Burrell's § 2254 Petition.[3]

### C. Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 9) and DISMISS Burrell's claims. It is further RECOMMENDED that Burrell's § 2254 Petition be DENIED and the action be DISMISSED.

(Report and Recommendation 1–5 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*,

---

[3] Neither Burrell nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)–(D), or for equitable tolling.

474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. BURRELL'S OBJECTIONS

In his first objection, Burrell disagrees with the Magistrate Judge's finding that Burrell lacks entitlement to statutory tolling because his state habeas petition was not properly filed. (Objs. 4.) According to Burrell, his state habeas petition was "timely filed under the Virginia habeas statute of limitations." (*Id.* at 5.) This is simply not true. As explained by the Magistrate Judge, the Circuit Court denied and dismissed Burrell's state habeas petition as untimely pursuant to Virginia Code § 8.01–654(A)(2). Burrell simply ignores the Magistrate Judge's explanation that "[a] petition that is denied by a state court as untimely is not 'properly filed' within the meaning of the AEDPA." (Report and Recommendation 4 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). Burrell therefore lacks entitlement to statutory tolling for the period during which he pursued his untimely state habeas petition. Burrell's first objection will be overruled.

In his second objection, Burrell disagrees that his § 2254 Petition is barred by the federal statute of limitations. (Objs. 8.) Burrell contends that he is entitled to statutory tolling for the period during which his "state habeas petition was pending, a total of 445 days." (*Id.* at 9.) According to Burrell, only 328 days of the limitations period had passed when he filed his § 2254 Petition. (*Id.*) As noted above, the Magistrate Judge correctly concluded that Burrell is not entitled to statutory tolling for the period during which his untimely state habeas petition and appeal therefrom was pending. Thus,

Burrell failed to file his § 2254 Petition until approximately five months after the federal limitation period expired. Burrell's second objection will therefore be overruled.

## IV. CONCLUSION

Burrell's objections will be overruled. The Report and Recommendation (ECF No. 20) will be accepted and adopted. The Motion to Dismiss (ECF No. 9) will be granted. Burrell's claims and the action will be dismissed. A certificate of appealability will be denied.[4]

An appropriate Final Order will accompany this Memorandum Opinion.

Date: Nov. 30, 2016
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Burrell fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

7